1   Shelby Crawford, Esq., SBN 217286
    Andrew Sewell, Esq., SBN 311397
2   **WILSON, ELSER, MOSKOWITZ,**
      **EDELMAN & DICKER LLP**
3   555 South Flower Street, Suite 2900
    Los Angeles, California 90071-2407
4   Telephone:(213) 443-5100
    Facsimile: (213) 443-5101
5
    Attorneys for Defendant,
6   AMF BOWLING CENTERS, INC. dba
    erroneously sued as BOWLERO CORP.
7   and AMF BOWLING CENTERS, INC. dba BOWLERO CORPORATION

8                   UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT

10

11

12  MIKE NICHOLSON, an individual,   )  Case No.:
                                     )
13                       Plaintiff,  )
                                     )
    vs.                              )  **DEFENDANT'S NOTICE OF**
14                                   )  **REMOVAL PURSUANT TO 28**
    BOWLERO CORPORATION, a           )  **U.S.C. §§ 1331, 1332, 1441, AND**
15  Corporation; AMF BOWLING         )  **1446**
    CENTERS, INC., a Corporation; AMF )
16  BOWLING CENTERS, INC. DBA        )
    BOWLERO CORPORATION, a           )
17  Corporation; and DOES 3 through 50, )
    inclusive                        )
18                                   )
                         Defendants. )
19  _____ )

20

21          TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

22  THE CENTRAL DISTRICT OF CALIFORNIA:

23          PLEASE TAKE NOTICE that Defendant, AMF BOWLING CENTERS,

24  INC., erroneously sued as BOWLERO CORP. and AMF BOWLING CENTERS,

25  INC. dba BOWLERO CORPORATION ("AMF") hereby removes this action

26  from the Superior Court of the State of California for the County of Los Angeles,

27  to the United States District Court for the Central District of California pursuant

28  to 28 U.S.C. §§ 1332, 1441, and 1446.  The grounds for removal are as follows:

                                    1
254091203v.1

## I.      BACKGROUND AND PROCEDURAL POSTURE

1.      On January 7, 2021, Plaintiff MIKE NICHOLSON ("Plaintiff") filed a Complaint and thereby commenced this action in the Superior Court of the State of California for the County of Los Angeles, styled *Mike Nicholson v. Bowlero Corporation, Does 1 through 50, inclusive*, and assigned Case No. CIVSB2102170 ("State Court Action"). On April 13, 2021, Plaintiff amended his Complaint to add Defendants AMF BOWLING CENTERS, INC., and AMF BOWLING CENTERS, INC. dba BOWLERO CORPORATION.

2.      On April 16, 2021, Plaintiff served AMF with a Summons and a copy of the Complaint in the State Court Action. True and correct copies of the Summons, Complaint, other pleadings, process, and orders that have been served upon AMF and filed in the State Court Action are attached as **Exhibit 1** to this Notice of Removal.  Other than the documents attached as Exhibit 1 to this Notice of Removal, Plaintiff has not served any pleadings, process, orders, filings, or other documents upon AMF in the State Court Action.  In the event that such other documents or filings come to AMF's attention, AMF will immediately file copies in this Court.

3.      On May 13, 2021, AMF filed a Notice of Removal with the identified department in the State Court Action.

4.      There are no named defendants other than AMF.

## II.     TIMELINESS, JOINDER AND VENUE

5.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). On April 16, 2021, Plaintiff personally served Summons and Complaint on AMF/Bowlero's registered agent for service of process.  This Notice of Removal is filed within thirty days after the date of service on AMF, and removal has been perfected within one year of the commencement of the action. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) and (c).  *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after

2

1  receipt by or service on that defendant of the initial pleading or summons

2  described in paragraph (1) to file the notice of removal").

3      6.      As Does 3- 50 have not yet been identified, all proper and active

4  corporate defendants who have been named, joined, and served have consented

5  to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2).

6      7.      The United States District Court for the Central District of

7  California is the district within which the State Court Action is pending under 28

8  U.S.C. §§ 1441(a), 1446(a), and is, therefore, the proper venue for this action.

9  *See also* C.D. Cal. General Order No. 19-03, § I.B.1.b.

10     8.      In accordance with 28 U.S.C. § 1446(d), AMF promptly will file in

11  the State Court Action a copy of this Notice of Removal and give written notice

12  to Plaintiff by serving this Notice of Removal on counsel for Plaintiff.

13     9.      This Notice of Removal is signed pursuant to Rule 11 of the Federal

14  Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

15  **III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS**

16  **DIVERSITY JURISDICTION**

17     10.     The Court has diversity jurisdiction over this civil action under 28

18  U.S.C. § 1332.  As detailed below, this action is removable pursuant to 28

19  U.S.C. § 1441 because there is complete diversity between the parties and the

20  amount in controversy exceeds the jurisdictional minimum.

21  **Diversity of Citizenship**

22     11.     For purposes of diversity jurisdiction, a natural person's citizenship

23  is determined by her "domicile," which is defined as "her permanent home,

24  where she resides with the intention to remain or to which she intends to return."

25  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff is a

26  citizen of California.

27  / / /

28  / / /

NOTICE OF REMOVAL – FEDERAL COURT

254091203v.1

12.     For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

13.     Here, at Page 5 of 23 of the attached **Exhibit 1**, Plaintiff admits in his Complaint that at all relevant times he has been a resident of San Bernardino, California.

14.     AMF is a corporation organized under the laws of Virginia, with its principal place of business in Virginia.  The same was true as of April 16, 2021, and has been true at all times between then and now. True and correct copies of

15.     Bowlero Corp. does not do business in the state of California and is not registered with the California Secretary of State to do business in the state. Bowlero Corp. has no role in this litigation. However, for purposes of this Notice, AMF is informed and believes that Bowlero Corp. is a corporation organized under the laws of Delaware, with its principal place of business in New York. The same was true as of April 13, 2021, and has been true at all times between then and now.

16.     Although Plaintiff has named nearly fifty "Doe" defendants, "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of determining whether a civil action is removable on the basis of diversity jurisdiction.  28 U.S.C. § 1441(b)(1).

17.     Because, as established above, Plaintiff and AMF/Bowlero are citizens of different states, complete diversity exists in this case.

**Amount in Controversy**

18.     "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'  28 U. S. C. § 1446(a)."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).  "When removal is

NOTICE OF REMOVAL – FEDERAL COURT

254091203v.1

1   based on diversity of citizenship, an amount-in-controversy requirement must be

2   met.  Ordinarily, 'the matter in controversy [must] excee[d] the sum or value of

3   $75,000.'  § 1332(a)."  *Id.*, at 83-84.  If the plaintiff's complaint does not state

4   the amount in controversy—e.g., by demanding monetary relief of a stated

5   sum—then the defendant's notice of removal may do so.  *Id.*, at 84 (citing §

6   1446(c)(2)).

7        19.      § 1446(a) provides that in order to adequately state the amount in

8   controversy for purposes of removal jurisdiction, "a defendant's notice of

9   removal need include only a plausible allegation that the amount in controversy

10  exceeds the jurisdictional threshold."  *Dart Cherokee*, 574 U.S. at 89.  "[W]hen a

11  defendant seeks federal-court adjudication, the defendant's amount-in-

12  controversy allegation should be accepted when not contested by the plaintiff or

13  questioned by the court."  *Id*. at 87.  Accordingly, "[e]vidence establishing the

14  amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the

15  court questions, the defendant's allegation."  *Id*. at 89.

16       20.      The allegations and theory of recovery set forth in the Complaint

17  establish that, in the aggregate, the total amount in dispute here exceeds $75,000.

18       21.      "[T]he amount in controversy is simply an estimate of the total

19  amount in dispute, not a prospective assessment of [the] defendant's liability."

20  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

21  Accordingly, "in assessing the amount in controversy, a court must 'assume that

22  the allegations of the complaint are true and assume that a jury will return a

23  verdict for the plaintiff on all claims made in the complaint.'"  *Campbell v.*

24  *Vitran Express, Inc.*, 471 Fed.Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth*

25  *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D.

26  Cal. 2002)).

27  / / /

28  / / /

NOTICE OF REMOVAL – FEDERAL COURT

254091203v.1

22.     Although AMF denies any liability as to Plaintiff's claims, "it is more likely than not" that the amount in controversy in this action exceeds the $75,000 jurisdictional minimum.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996) (discussing whether "it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted).  Because "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint," the district court may consider facts plausibly alleged in a defendant's notice of removal whether or not they appear in the plaintiff's complaint.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

23.     "[T]he amount in controversy is the 'amount at stake in the underlying litigation.' " *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).  That amount "includes any result of the litigation, excluding interests and costs, that 'entails a payment' by the defendant." *Gonzales*, 840 F.3d at 648 (quoting *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)).  In more concrete terms, the amount in controversy includes, depending on the claims and requests for relief, "damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch*, 899 F.3d at 793.

24.     Here, at Page 12 of 23 of the attached **Exhibit 1**, Plaintiff has attached a Statement of Damages which was filed attached and incorporated to her State Court Action. Within the attached Statement of Damages, Plaintiff alleges damages totaling more than $1 million.

/ / /

/ / /

/ / /

1 **IV.    CONCLUSION**

2     25.     For these reasons, AMF respectfully request that this case be removed

3 from California state court to this Court.

4

5 Dated:    May 14, 2021                          WILSON, ELSER, MOSKOWITZ,
                                                   EDELMAN & DICKER LLP
6

7                                        By: /s/ Andrew Sewell_____
                                             Shelby Crawford, Esq.
8                                            Andrew Sewell, Esq.
                                             Attorneys for Defendant,
9                                            AMF BOWLING CENTERS, INC.
                                             erroneously sued as BOWLERO
10                                           CORP. and AMF BOWLING
                                             CENTERS, INC. dba BOWLERO
11                                           CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

254091203v.1

# PROOF OF SERVICE

## Nicholson v. AMF Bowling Corp.
## Our File No. 11033.00245
## USDC, Central District of California Case No.

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 555 South Flower Street, Suite 2900, Los Angeles, California 90071. My electronic service address is susan.marriott@wilsonelser.com.

On **May 14, 2021**, I caused the foregoing document, entitled **NOTICE OF REMOVAL** to be served on the person(s) identified in the attached Service List, at their respective [residential / business / electronic service] address(es), by the below-indicated means:

[X]　**(BY U.S. MAIL)** I enclosed [] a true copy [] the original(s) documents in a sealed envelope or package addressed to the persons at the addresses in the attached Service List and (specify one):

[]　Deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

　　　[X]　Placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

[X]　**(BY ELECTRONIC SERVICE)** I electronically served the foregoing document in PDF format on behalf of **AMF Bowling Corp.**

[]　**(BY ELECTRONIC SERVICE)** I am readily familiar with the business' practice for filing electronically. I caused the foregoing document to be electronically served on **May 14, 2021**, in the ordinary course of business following ordinary business practices on behalf of (*name or names of parties represented*).

[]　**(BY ELECTRONIC SERVICE)** – Based upon a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses as listed on the electronic service list maintained by NAME OF SERVICE.

[]　**(BY FACSIMILE)** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in the attached Service List. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

[]　**(BY OVERNIGHT DELIVERY)** I enclosed the documents in an envelope or package provided by an overnight delivery carrier, or other packaging, and addressed to the person(s) at the address(es) in the attached Service List. I am readily familiar with this business's practice for collecting and processing correspondence for overnight delivery. On the same day that correspondence is placed for collection and delivery, it is given in the ordinary course of business to the overnight delivery carrier.

[]　**(BY EXPRESS MAIL)** I caused said document(s) to be deposited with the U.S. Postal Service for Express Mail delivery to the offices of the address(es) listed on the Service List.

8

254091203v.1

1    **[]**    **(MESSENGER SERVICE)** I served the documents by placing them in an envelope or
2    package addressed to the persons at the addresses listed in the attached Service List and
     providing them to a professional messenger service for service.

3    **[]**    (**BY PERSONAL SERVICE**) Said documents were personally/physically
     delivered to the addressees as noted on the service List

4    **[]**    **(BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED)** I caused such
5    envelope(s) fully prepaid to be placed in the United States Mail at Los Angeles,
     California by Certified Mail – Return Receipt Requested. I am "readily familiar" with
6    the firm's practice of collection and processing correspondence or mailing. Under that
     practice it would be deposited with the U.S. Postal Service on that same day with postage
7    thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am
     aware that on motion of the party served, service is presumed invalid if postal
     cancellation date or postage meter date is more than one day after date of deposit for
8    mailing in affidavit.

9         I declare under penalty of perjury under the laws of the State of California that the above
     is true and correct.
10
          Executed on **May 14, 2021**, at Los Angeles, California.
11

12

                                        /s/ *Susan Marriott*
13                                      Susan Marriott

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL – FEDERAL COURT
254091203v.1

1

**SERVICE LIST**
**Nicholson v. Bowlero**
**Attorneys for Defendant, AMF Bowling Corp.**
**USDC, Central District of California Case No.:**
**Our File No. 11033.00245**

2

3

4

5   **David Garrett, Esq.**
    **BLOMBERG BENSON & GARRETT**

6   **10300 4ᵀᴴ Street, Suite 150**

7   **Rancho Cucamonga, CA 91730**
    **Tel: 909-945-5000; Fax: 909-945-3143**

8   **david.garrett@dkg.com**

9   **Attorneys for Plaintiff**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

254091203v.1