EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
04/16/2021
CT Log Number 539401274

TO:   Rick Chung
      AMF Bowling Worldwide, Inc.
      7313 Bell Creek Rd
      Mechanicsville, VA 23111-3551

RE:   **Process Served in California**

FOR:  AMF Bowling Centers, Inc.  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MIKE NICHOLSON, PLTF./PETITIONER vs. BOWLERO CORPORATION, DFT./RESPONDENT // TO: AMF Bowling Centers, Inc. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CIVSB2102170 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/16/2021 at 14:43 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/16/2021, Expected Purge Date: 04/21/2021 |
| | Image SOP |
| | Email Notification,  Rick Chung  RChung@bowlmor-amf.com |
| | Email Notification,  Meredith Rebling  mrebling@bowlmor-amf.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**              Fri, Apr 16, 2021

**Server Name:**       Victor Mendez

| | |
|---|---|
| Entity Served | AMF BOWLING CENTERS, INC. |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | CIVSB2102170 |
| Jurisdiction | CA |



ATTORNEY OR PARTY WITHOUT (Name, State Bar Number, and address):
David K. Garrett, Esq.
10300 Fourth St #150, RANCHO CUCAMONGA, CA 91730
E-MAIL: rita@blombergandbenson.com
Telephone No.: (909) 945-5000    Fax No. (Optional): (909) 945-3143
ATTORNEY FOR (Name): MIKE NICHOLSON    Bar No.: 114085

| | COURT USE ONLY |
|---|---|

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 1 3 2021

BY _____
ANGELINE GARCIA, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

STREET ADDRESS 247 West Third Street

MAILING ADDRESS 247 West Third Street

CITY AND ZIP CODE San Bernardino, CA 92415-0210

BRANCH NAME Justice Center

PLAINTIFF(S)/PETITIONER(S):
MIKE NICHOLSON

DEFENDANT(S)/RESPONDENT(S):
BOWLERO CORPORATION

| AMENDMENT TO COMPLAINT | CLERK'S USE ONLY |
|---|---|

CASE NUMBER:
CIVSB2102170

**FICTITIOUS NAME** (No order required)

Upon filing the complaint herein, plaintiff(s) being ignorant of the true name of a defendant, and having designated said defendant in the complaint by the fictitious name of:

DOE 1

and having discovered the true name of the said defendant to be:

AMF BOWLING CENTERS, INC.

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

04/09/2021
_____
Date

_____
Declarant's Signature

**INCORRECT NAME** (Order required)
Plaintiff(s) having designated a defendant in the complaint by the incorrect name of :

_____

and having discovered the true name of the said defendant to be:

_____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

_____
Date

_____
Declarant's Signature

**ORDER**
Proper cause appearing, the above amendment to the complaint is allowed

Dated _____

_____
Judge/Commissioner

AMENDMENT TO COMPLAINT

SB-16778,
Rev. 04-2014 Optional

| ATTORNEY OR PARTY WITHOUT (Name, State Bar Number, and address): | COURT USE ONLY |
|---|---|
| David K. Garrett, Esq.<br>10300 Fourth St #150, RANCHO CUCAMONGA, CA 91730<br>E-MAIL: rita@blombergandbenson.com<br>Telephone No.: (909) 945-5000   Fax No. (Optional): (909) 945-3143<br>ATTORNEY FOR (Name): MIKE NICHOLSON   Bar No.: 114085 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>APR 1 3 2021<br><br>BY _____<br>ANGELINE GARCIA, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

| STREET ADDRESS 247 West Third Street | |
|---|---|
| MAILING ADDRESS 247 West Third Street | |
| CITY AND ZIP CODE San Bernardino, CA 92415-0210 | |
| BRANCH NAME Justice Center | |

| PLAINTIFF(S)/PETITIONER(S):<br>MIKE NICHOLSON | *CLERK'S USE ONLY* |
|---|---|
| DEFENDANT(S)/RESPONDENT(S):<br>BOWLERO CORPORATION | |

| **AMENDMENT TO COMPLAINT** | CASE NUMBER:<br>CIVSB2102170 |
|---|---|

**FICTITIOUS NAME** (No order required)

Upon filing the complaint herein, plaintiff(s) being ignorant of the true name of a defendant, and having designated said defendant in the complaint by the fictitious name of:

DOE 2

and having discovered the true name of the said defendant to be:

AMF BOWLING CENTERS, INC. dba BOWLERO CORPORATION

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

04/09/2021
_____                    _____
Date                                            Declarant's Signature

**INCORRECT NAME** (Order required)
Plaintiff(s) having designated a defendant in the complaint by the incorrect name of :

_____

and having discovered the true name of the said defendant to be:

_____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

_____                    _____
Date                                            Declarant's Signature

**ORDER**
Proper cause appearing, the above amendment to the complaint is allowed

Dated _____        _____
                                            Judge/Commissioner

AMENDMENT TO COMPLAINT

SB-16778,
Rev. 04-2014 Optional

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT: BOWLERO CORPORATON, a business,
*(AVISO AL DEMANDADO):* form unknown; and DOES 1 through 50,
Inclusive.

YOU ARE BEING SUED BY PLAINTIFF: MIKE NICHOLSON
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

<table><tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JAN 07 2021<br><br>BY _____<br>FELIX GARZA, DEPUTY</td></tr></table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California. County of San Bernardino
247 West Third Street
San Bernardino, California 92415-0210

CASE NUMBER:
*(Número del Caso)*
CIVSB 2102170

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BLOMBERG BENSON & GARRETT INC.
10300 Fourth St #150, RANCHO CUCAMONGA, CA 91730 (909) 945-5000

David K. Garrett, Esq.

DATE: 1/7/2021 Clerk, by _____, Deputy
*(Fecha)* *(Secretaría)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

(COPY)

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [X] as the person sued under the fictitious name of *(specify):* Doe 1
3. [X] on behalf of *(specify):* **AMF Bowling Centers, Inc.**

under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[X] other *(specify):* CCP 474
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

BY FAX

David K. Garrett, Esq.   SBN 114085
Law Offices of Blomberg, Benson & Garrett, Inc.
10300 Fourth Street #150
Rancho Cucamonga, CA 91730
(909) 945-5000
(909) 945-3143 (Fax)

Attorneys for Plaintiff

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 07 2021

BY_____
FELIX GARZA, DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO – JUSTICE CENTER

MIKE NICHOLSON,

        Plaintiff,

vs.

BOWLERO CORPORATON, a business,
form unknown; and DOES 1 through 50,
Inclusive,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:   CIV SB  2 1 0 2 1 7 0

COMPLAINT FOR DAMAGES FOR
PERSONAL INJURIES

(Unlimited/Over $25,000)

**BY FAX**

    **FOR CAUSE OF ACTION AGAINST DEFENDANTS AND EACH OF THEM,**

**PLAINTIFF, MIKE NICHOLSON, COMPLAINS AND ALLEGES AS FOLLOWS:**

    1.    At all times herein mentioned, Plaintiff and non-corporate defendants were

and now are residents and/or conduct business in the County of San Bernardino, State

of California

    2.  The true names and capacities, whether individual, corporate, associate or

otherwise of defendants, DOES 1 through 50, Inclusive are unknown to this plaintiff at

this time who therefore, sues said defendants by such fictitious  names and when the

true names and capacities of said defendants are ascertained, plaintiff will amend this

complaint accordingly; plaintiff is informed and believes and therefore alleges that each

-1-

of the defendants designated herein as a DOE is responsible in some manner for the events and happenings referred to herein and caused injuries and damages proximately thereby to plaintiff as hereinafter alleged.

3.   At all times herein mentioned defendants, BOWLERO CORPORATION, and DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5, were a business, form unknown, doing business in the County of San Bernardino, State of California.

4.  At all times mentioned, defendants, BOWLERO CORPORATION, a business, form unknown, DOE 6, DOE 7, DOE 8, DOE 9, and DOE 10 were the owners, operators and supervisors of a bowling/entertainment center, who maintained, possesses, managed and/or controlled the said bowling/entertainment center known as BOWLERO UPLAND located at 451 West Foothill Boulevard, City of Upland, County of San Bernardino, State of California (hereinafter PREMISES).

5.   At all times herein mentioned, defendants, BOWLERO CORPORATION a business, form unknown, DOE11, DOE 12, DOE 13, DOE 14, DOE 15 were agents, servants or employees of each other and of the remaining defendants, and acted at the time and place of the accident hereinafter referred to within the course and scope of such relationship.

6.   On or about the 23rd day of January 2019, the plaintiff herein was a business invitee of the defendants and each of them and was at the said Premises for the express instance and request of and for the benefit of the defendants and each of them.

7.   At all times herein mentioned, defendants, and each of them, had exclusive custody, supervision, management and control of the maintenance, operation, repair and upkeep of the bowling alley lanes, the approach of the bowling lanes, the aisles, floors, passageways, walkways, exits and entrances of said Premises.

8.   On or about the 23rd day of January 2019, the defendants and each of them, did so negligently, carelessly, and imprudently manage, maintain, operate, supervise, repair, control the bowling alley lanes, the approach of the bowling lanes

-2-

aisles, floors, passageways, walkways, exits and entrances of said Premises so as to cause, permit and allow a dangerous and defective condition to exist and remain in, on, or about the said bowling alley lanes, the approach of the bowling lanes aisles, floors, passageways, walkways, exits and entrances, of said Premises, and as a direct and proximate result of the defendant's negligence in permitting sticky and slippery substances to accumulate and remain in or about the said bowling alley lanes, the approach of the bowling lanes aisles, floors, passageways, walkways, exits and entrances  of said Premises, so as to cause the Plaintiff to slip, trip, stumble and fall in and about said Premises and become severely injured as a result thereof.

9.  At all times herein mentioned, the defendants, and each of them, knew of said dangerous and defective condition or should have known of said dangerous and defective condition by use of due diligence, care, and inspection of said Premises.

10.  As a direct and proximate result of the said negligence of the said defendants and each of them, as aforesaid, plaintiff has sustained and is certain in the future to sustain disabling, serious and permanent injuries and pain, suffering and mental anguish in connection therewith, all to plaintiff's general damage in a sum to be specified at a later date; however, said sum will exceed the minimum jurisdictional limits of this Court.

11.  As a further direct and proximate result of the said defendants, and each of them, as aforesaid, Plaintiff has incurred and will incur in the future, hospital, medical, orthopedic, neurological, chiropractic, radiological, and sundry expenses in connection with the examination, care and treatment of her injuries, the exact nature and extent of which are unknown to Plaintiff at this time, and Plaintiff will ask leave of the Court to amend this complaint in this regard when the same is ascertained.

12.  By reason of the foregoing allegations, Plaintiff is entitled to and hereby demands prejudgment interest pursuant to §3291 of the Civil Code, and any and all other interest allowed by law.

-3-

Wherefore, Plaintiff MIKE NICHOLSON prays for judgment against the defendants and each of them for:

      a.  General damages in a sum to be specified at a later date; however, said sum will exceed the minimum jurisdictional limits of this Court.

      b.  Special damages for hospital, medical, orthopedic, neurological, chiropractic, radiological and sundry expenses as maybe proven;

      c.  Prejudgment interest pursuant to §3291 of the Civil Code and any and all other interest allowed by law;

      d.  Costs of suit incurred herein; and

      e.  All further and proper relief.

Dated: 10/30/2020    LAW OFFICES OF BLOMBERG, BENSON & GARRETT, INC.

                              BY: _____

                                   David K. Garrett
                                 Attorney for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

David K. Garrett, Esq.        SBN: 114085
BLOMBERG BENSON & GARRETT INC.
10300 Fourth St #150, RANCHO CUCAMONGA, CA 91730
TELEPHONE NO.: (909) 945-5000        FAX NO.: (909) 945-3143
ATTORNEY FOR *(Name):* MIKE NICHOLSON

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 07 2021

BY _____
FELIX GARZA, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, 92415-0210
BRANCH NAME: San Bernardino District - Civil Division

CASE NAME: NICHOLSON vs. BOWLERO CORPORATION

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIVSB 2102170 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 1
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/23/2020

David K. Garrett, Esq.
(TYPE OR PRINT NAME)                                    ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov Westlaw Doc & Form Builder |
|---|---|---|

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CIV SB 2102170

NICHOLSON _____

Case No.: _____

vs.

**CERTIFICATE OF ASSIGNMENT**

BOWLERO CORPORATION _____

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
CIVIL_____ District of the Superior Court under Rule 131 and General Order of this court for the checked reason:

☐ General     ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district. |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☒ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

**451 WEST FOOTHILL BLVD**
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                    ADDRESS

**UPLAND**                          **California**                    **91786**
CITY                                  STATE                            ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 10/23/2020_____ at RANCHO CUCAMONGA, CA_____, California.

_____
Signature of Attorney/Party

Form # 13-16503-360
Mandatory Use

CERTIFICATE OF ASSIGNMENT

Rev. June 2019

BY FAX

David K. Garrett, Esq.   SBN 114085
Law Offices of Blomberg, Benson & Garrett, Inc.
10300 Fourth Street #150
Rancho Cucamonga, CA 91730
(909) 945-5000
(909) 945-3143 (Fax)

Attorneys for Plaintiff

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 07 2021

BY _____
FELIX GARZA, DEPUTY

BY FAX

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SAN BERNARDINO – JUSTICE CENTER

| | |
|---|---|
| MIKE NICHOLSON, | Case No.: CIV SB 2102170 |
| Plaintiff, | PLAINTIFF'S STATEMENT OF DAMAGES |
| vs. | |
| BOWLERO CORPORATON, a business, form unknown; and DOES 1 through 50, Inclusive, | |
| Defendant. | |

Pursuant to Code of Civil Procedure, Section 425.11, Plaintiff, MIKE NICHOLSON, hereby sets forth his Statement of Damages as follows:

1.   Plaintiff's medical expenses:          $73,862.24

2.   Plaintiff's future medical expenses:  According to proof up to $20,000.00

3.   General Damages:                      $950,000.00

It is anticipated that further medical expenses will accrue pending the trial of this action, Plaintiff reserves the right to amend or supplement this statement of Damages and/or provide this information in Plaintiff's pre-trial statement.

Dated:10/23/2020      LAW OFFICES OF BLOMBERG, BENSON & GARRETT, INC.

David K. Garrett
Attorney for Plaintiff

STATEMENT OF DAMAGES



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| | |
|---|---|
| NICHOLSON -v-  BOWLERO CORPORATIONet al | |
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2102170 |

Law office of Blomberg, Benson, & Garrett, Inc
10300 Fourth st
Ste# 150
Rancho Cucamonga CA  91730

This case has been assigned to:  John M Pacheco in Department S31 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  07/07/2021  at 9:00 AM in Department S31 - SBJC

Date: 2/18/2021

Nancy CS Eberhardt, Court Executive Officer

By: _____
Felix Garza, Deputy Clerk

---

## CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:
- ☐  Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
- ☒  Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
- ☐  A copy of this notice was given to the filing party at the counter.
- ☐  A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  2/18/2021

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 2/18/2021 at San Bernardino, CA.

By: _____
Felix Garza, Deputy Clerk

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.  This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐  has not ☐  been completed.

3. **Service of Cross-Complaint** on all parties has ☐  has not ☐  been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed:  Yes ☐  No ☐  Date discovery anticipated to be completed: _____

7. Do you agree to mediation?  Yes ☐  No ☐  Please check type agreed to:  Private: _____  Court-sponsored: _____

8. **Related cases, consolidation, and coordination:**  Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ Trial dates requested: Yes ☐  No ☐  Available dates; _____  Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

    _____          _____
    (TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)


    _____          _____
    (TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

Form # 13-09001-360
Rev.6-2020  Mandatory               **INITIAL TRIAL SETTING CONFERENCE STATEMENT**



## Superior Court of California-County of San Bernardino

## ALTERNATIVE DISPUTE RESOLUTION

**What is Alternative Dispute Resolution?**
There are different processes available to settle lawsuits that do not require a trial. In Alternative Dispute Resolutions (ADR) a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves. These persons are *neutrals*, who are normally chosen by the disputing parties or the court.

**Advantages of ADR**
- Often faster than going to trial.
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing the parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- ADR can be used, even after a lawsuit, if the result is appealed.

**Disadvantages of ADR** – ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error if by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR: Mediation and Arbitration**

### Mediation

In mediation, the mediator (*a neutral*) assists the parties in reaching a mutually acceptable resolution of their dispute.
- Unlike lawsuits or some other types of ADR, the parties, rather the mediator   decide how the dispute is to be resolved.
- ADR is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other.
- ADR can be particularly effective when parties have a continuing relationship, such as neighbors or businesses.
- ADR can be also very effective where personal feelings are getting in the way of a resolution.

### Arbitration

In arbitration, the arbitrator (*a neutral*) reviews evidence, hears arguments, and makes a decision (*award*) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration may be more informal, quicker, and less expensive than a trial.

There are two types of arbitration in California:
* **Private arbitration** by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.
* **Judicial arbitration** ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable award at trial, the party may have to pay a penalty.

## More Information

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender Reconciliation Program, and summary trial jury. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type of ADR that is most likely to resolve your particular dispute.

The selection of a neutral is also an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals.

Agreements reached through ADR normally are put into writing and, if the parties wish, may become binding contracts that can be enforced by the court.

ADR can be used to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral. ADR has also been used to resolve disputes even after trial, when the result is appealed.

You may wish to seek the advice of an attorney as to your legal rights and matters relating to the dispute before pursuing ADR.

To locate a dispute resolution program or neutral in your community:
* Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
* Contact the local bar association, or;
* Look in a phone directory under mediation or arbitration services.

The following alternate dispute resolution service providers are under contract with the County of San Bernardino to provide services for the listed types of matters under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Civil, family law (except custody and support)*
*Landlord-tenant, unlawful detainers, small claims:*
**Program Director: Lynne Anderson, Executive Director**
**City Center Building**
**Inland Fair Housing & Mediation Board**
**10681 Foothill Boulevard, Suite 101**
**Rancho Cucamonga, CA 91730**
**909-984-2254 or 800-321-0911**
**Fax: 909-460-0274**
*www.inmedbd.com*
\*\*



You Don't Have to Sue

Here Are Some Other Ways

To Resolve a Civil Dispute

Presented by the
Judicial Council of California
And the
State Bar of California

## Introduction.

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator.. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- ADR can be speedier. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- ADR can save money. Court costs, attorneys' fees, and expert fees can be saved.

- ADR can permit more participation. The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- ADR can be flexible. The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- ADR can be cooperative. This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- ADR can reduce stress. There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves.. The parties don't have a lawsuit hanging over their heads for years.

- ADR can be more satisfying.  For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly.  ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other  side's case with ADR than with litigation.   ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- MEDIATION

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved.  The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses.  Mediation normally leads to better relations between the parties and to resolutions that hold up.  For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- ARBITRATION

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- CASE EVALUATION

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210, or

- Contact the local bar association, or

- Look in the Yellow Pages under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.



Superior Court of California
County of San Bernardino

## CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, Unlawful Detainer, Small Claims:*

Inland Fair Housing and Mediation Board
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga, CA 91730
TEL (909) 984-2254, or (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil & Family Law (except custody and support):*

Inland Valleys Justice Center
Program Director: Kym Adams, Executive Director
1710A Plum Ln
Redlands, CA 92374
TEL (909)798-7117
TOLL FREE (877) 832-9325
FAX (877) 839-1926
WEB www.ivjc.org
EMAIL info@ivjc.org

Revised 01-04-12

Accommodations For Persons With Disabilities Using Court Facilities

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.00 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the Request for Accommodations by Persons with Disabilities (Judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html These tools convert PDF documents into either HTML or ASCII text that can be read by many screen-reading programs.

For further information and forms:

Jurors: Please contact the Jury Services Office at (909) 884-1858.

Others: Please contact the court's ADA Coordinator at sprentiss@sb-courts.org

Court employees: To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with Ada issues, refer to the courts intranet site www.sb-court.org

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 708-8745.

Request for Accommodation Instruction Sheet (Non Fillable Form and Rule of Court 1)
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ADA-Persons-With-Disabilities-MC410QA.pdf

Request for Accommodation Form Fillable Version (MC-410)
http://www.courts.ca.gov/documents/mc410.pdf

Q&A on Rule of Court 1.100
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/Requestsforaccommodationsbypersonswithdisabilities.pdf
Access and Fairness Advisory Flyer
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ProvidingDisabilityAccommodations.pdf